KHALID ABDULLAH TARIQ AL MANS-
OUR FAISSAL FAHD AL TALAL, Con-
cerned Black Americans In Support of
Africa and the Middle East, Islamic Cen-
ters of America, Akbar Institute, Mus-
lim League of Canada, Plaintiffs,

v.

David FANNING, Anthony Thomas, ATV
of England, Lawrence K. Grossman,
President of Public Broadcasting Sys-
tem, KQED Television Station, Public
Broadcasting System, Does One
Through One Hundred, Defendants.

Civ. No. C 80–1869 RPA.

United States District Court,
N. D. California.

Sept. 25, 1980.

Khalid Abdullah Tariq Al Mansour, Fais-
sal Fahd Al Talal, San Francisco, Cal., for
plaintiffs.

Stephen V. Bomse, Steven M. Block, Hel-
ler, Ehrman, White & McAuliffe, San Fran-
cisco, Cal., for defendants.

## OPINION

AGUILAR, District Judge.

This is an action in which the plaintiffs
claim that they consist of a class of "nearly
one billion persons." They seek damages in
the amount of twenty billion dollars be-
cause of the national television broadcast of
the film "Death of a Princess." Plaintiffs
include "followers of the Islamic faith
throughout the world" and "Americans who
are committed to a respect for world and
Islamic traditions" (Complaint, Paragraph
I). They allege that the film, which depicts
the public execution of a Saudi Arabian
princess for adultery, is "insulting and de-
famatory" to the Islamic religion. Defend-
ants have moved to dismiss the complaint.
For the reasons stated herein, the Court
agrees with defendants that dismissal of
this action is appropriate.

*Jurisdiction.*

Plaintiffs have not asserted a basis for
this court to assume jurisdiction over the
cause of action. No "short and plain state-
ment of the grounds upon which the court's
jurisdiction depends," as required by Rule
8(a) of the Federal Rules of Civil Procedure,
has been filed. Assuming, however, that
plaintiffs could articulate a federal jurisdic-
tional base, the Court nevertheless holds
that this suit is without merit.

*The defamation claim.*

A. Size of class.

The substance of plaintiffs' claim is
that all Muslims—a population which ex-
ceeds 600 million—were defamed by the
airing of "Death of a Princess." The law of
defamation, however, does not give rise to
such a cause of action. The aim of defama-
tion law is to protect *individuals*; a group
may be sufficiently large that a statement
concerning it cannot defame individual
group members. *See Michigan United Con-
servation Clubs v. C.B.S. News,* 485 F.Supp.
893 (W.D.Mich.1980); *Fowler v. Curtis Pub-
lishing Co.,* 182 F.2d 377 (D.C.Cir.1950).

In *Michigan United Conservation Clubs, supra,* a case involving a plaintiff class much smaller (one million persons) than the group here, the court observed as follows:

If plaintiffs were allowed to proceed with this claim, it could invite any number of vexatious lawsuits and seriously interfere with public discussion of issues, or groups, which are in the public eye. Statements about a religious, ethnic, or political group could invite thousands of lawsuits from disgruntled members of these groups claiming that the portrayal was inaccurate and thus libelous. Such suits would be especially damaging to the media, and could result in the public receiving less information about topics of general concern. 485 F.Supp. at 900.

The impact of this statement is dramatically amplified where defendants are alleged to have defamed over 600 million people. If the court were to permit an action to lie for the defamation of such a multitudinous group we would render meaningless the rights guaranteed by the First Amendment to explore issues of public import. *See New York Times v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

B. Failure to allege special damages.

Defendants correctly point out that even if the broadcast of "Death of a Princess" were to give rise to cognizable claims for relief for such a large class, plaintiffs' failure to allege special damages requires dismissal. Since the film apparently did not represent a slander *per se, see White v. Valenta,* 234 Cal.App.2d 243, 44 Cal.Rptr. 241 (1965), recovery in this action must be predicated upon a showing of special damages. Plaintiffs have not established that *any* of these 600 million individuals have incurred special damages.

*Conclusion.*

Plaintiffs' request for twenty billion dollars in damages arising from "an international conspiracy to insult, ridicule, discredit and abuse followers of Islam throughout the world, Arabs, and the Kingdom of Saudi Arabia" (Complaint, Paragraph X), borders on the frivolous. However, it is suffi-

cient for the disposition of this action simply to state that the plaintiffs have failed to demonstrate an actionable claim for defamation. For that reason, it is hereby ordered that defendant's motion for dismissal of plaintiffs' claims with prejudice is granted.