FRIENDS OF Falun GONG; Feng Yaun; Li Li; Janet Xiong; Hanru Zhu; Mela Wu–Malin; Wailing Lam; Xuemei Feng; Yan Liu; Mei Hong; Jianfeng Zhou; Ke Li; Zhenmei Xu; Fengching Chang; Qi Zhang; Meimiao Lee; Lianhua Ziu; Shuling Chen; Chaofeng Chang; Derong Zhang; Wei Wu; Quen Sha; Xiuzhi Jiang; Kun Cai; Chunmei Tsoi; Ming Zhai; Tianheng Song; Zhangguo Shi; Fangfang Jiang; Lisa Kei; Chin Ping Cheng; Connie Pan; Yang Li; Wanling Chung; Fungfei Tong; Lankiu Chang; Lai Kwan Lum; Lin Wang; Jianmin Huang; Hong Zhao; Yanqin Xia; Jiaying Jiang; Haiwen Yu; Shihfung Chu; Sheue Dih Wong; Eva T. Xu; Siu Ha Tam; See Chim Lee; Rong Yi; Tze Yuen Chan; Chang Gao; Hui Ling Ko; William Chan; Allan Wu; Yunqin Li; Shi Yin Cheung; Yan Zuo; Xu Kangang; Lorraine Kabacinski; Betty Hunter Beatty; Suzanne Eckler; Hong Xia Jia; Xin Zhao; Sewmeng Lee; Fatping Cheung; Dongmei Li; James Smith; Lan Sing Cheng; Yahong Bai; Ruiqing Li; and Shuhuan Qu, Plaintiffs–Appellants,

v.

PACIFIC CULTURE, d/b/a The China Press; Sing Tao Newspapers New York, Ltd., d/b/a Sing Tao Daily; and David Mui, Defendants–Appellees,

Fan Dongsheng; Lu Zidai; Li Daye; Shan Huaihai; and Yang Huifen, Defendants.

No. 03–9156.

United States Court of Appeals, Second Circuit.

Aug. 9, 2004.

Sam P. Israel and Lana S. Han, New York, NY, for Appellants.

Floyd Abrams, Cahill Gordon & Reindel LLP (Dean Ringel, Janet A. Beer, and Joshua M. Greenblatt), New York, NY, for Appellee Pacific Culture, of counsel.

David A. Schulz, Levine Sullivan Koch & Schulz, LLP (Halimah D. DeLaine), New York, NY, for Appellees Sing Tao Newspapers New York, Ltd., and David Mui, of counsel.

PRESENT: POOLER, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

The plaintiff Friends of Falun Gong and the individual plaintiffs appeal from the September 26, 2003, judgment of the United States District Court for the Eastern District of New York (Carol B. Amon, *Judge*) granting the motion by the defendants China Press, Sing Tao Daily, and David Mui to dismiss the complaint. *See Friends of Falun Gong v. Pac. Cultural Enter., Inc.,* 288 F.Supp.2d 273 (E.D.N.Y.

2003). On appeal, the plaintiffs contend that (1) they properly alleged a claim that the defendants violated 42 U.S.C. § 1985(3), (2) they properly alleged a claim under N.Y. Civ. Rights Law § 40–c, (3) they properly alleged a claim for defamation, (4) they were improperly denied leave to replead, and (5) the district court abused its discretion in exercising supplemental jurisdiction over the plaintiffs' state-law claims.

We assume, as we must at this juncture, that all the allegations made in the complaint are true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). The only question before us is whether, under that assumption and limiting ourselves, as we must, to what is contained in the complaint, the plaintiffs have adequately pleaded a violation of federal or state law. We conclude that they have not.

■ First, we think that the district court correctly determined that the plaintiffs did not plead a valid cause of action under 42 U.S.C. § 1985(3). The plaintiffs have failed to allege a conspiracy by the defendants either to deprive them of their First Amendment rights or to hinder governmental authorities from securing to them their First Amendment rights. *See Gyadu v. Hartford Ins. Co.,* 197 F.3d 590 (2d Cir.1999). Even if N.Y. Civ. Rights Law § 40–c could serve as a predicate for a section 1985(3) violation, the plaintiffs have failed to allege any instances in which the defendants, by publication of the newspaper articles at issue, conspired either to deprive the plaintiffs of their rights under that state statute or to hinder governmental authorities from securing to them their rights under that statute. *See Jews for Jesus, Inc. v. Jewish Cmty. Relations Council of N.Y., Inc.,* 79 N.Y.2d 227, 234,

590 N.E.2d 228, 232, 581 N.Y.S.2d 643, 647 (1992).

■ Second and similarly, the district court correctly determined that the plaintiffs did not plead a valid cause of action against the defendants under N.Y. Civ. Rights Law § 40–c standing on its own. The plaintiffs did not allege any instances in which a plaintiff was harassed, as defined in N.Y. Penal Law § 240.25, or discriminated against with respect to his or her civil rights, as a result of the defendants' newspaper articles. *See id.*

■ Third, the district court also correctly concluded that the plaintiffs have no valid defamation claim on the face of their complaint. Defamation law protects only the individual reputations of persons and entities. To succeed on their defamation claim, the plaintiffs were therefore required to allege a statement by the defendants that was "of and concerning" individual plaintiffs. *See Celle v. Filipino Reporter Enters., Inc.,* 209 F.3d 163, 176 (2d Cir.2000). This "requires that the allegedly defamatory comment refer to the plaintiff." *Brady v. Ottaway Newspapers, Inc.,* 84 A.D.2d 226, 228, 445 N.Y.S.2d 786, 788 (2d Dep't 1981) (citation omitted). But the allegedly defamatory newspaper articles in the instant case do not refer specifically to any of the plaintiffs; * instead, they are about either individual practitioners of Falun Gong who are not plaintiffs in this suit, Falun Gong itself, or the group of New York-based Falun Gong practitioners. They are therefore not "of and concerning" any of the plaintiffs. *Cf. Church of Scientology Int'l v. Time Warner, Inc.,* 806 F.Supp. 1157, 1161 (S.D.N.Y.1992) ("Without more, reference

to the activities of individual Scientologists can not create a right of action in [the Church of Scientology]."), *aff'd sub nom. Church of Scientology Int'l v. Behar,* 238 F.3d 168 (2d Cir.), *cert. denied,* 534 U.S. 814, 122 S.Ct. 40, 151 L.Ed.2d 13 (2001). Insofar as the articles refer to a group or class of which a plaintiff is a member, moreover, they would have been "of and concerning" the plaintiff only if the group or class were sufficiently small or circumstances otherwise indicated that the articles referred particularly to an individual plaintiff. *See Abramson v. Pataki,* 278 F.3d 93, 102 (2d Cir.2002). Neither circumstance obtains here.

Fourth, the district court did not abuse its discretion in denying the plaintiffs leave to replead because they were "unable to demonstrate that [they] would be able to amend [their] complaint in a manner which would survive dismissal." *Hayden v. County of Nassau,* 180 F.3d 42, 53 (2d Cir.1999).

■ Fifth, the district court did not abuse its discretion in exercising supplemental jurisdiction over the plaintiffs' state-law claims because all of the plaintiffs' federal- and state-law claims are about the defendants' newspaper articles— a common nucleus of operative fact that would ordinarily be expected to be tried in one judicial proceeding. *See New York by Abrams v. Terry,* 45 F.3d 17, 23 n. 7 (2d Cir.1995).

Finally, we note that the plaintiffs assert in their complaint that the articles published by the defendants contain false statements of fact about the plaintiffs that resulted in serious injury to them. Because

---

* Two of the articles at issue allegedly include photographs of some of the plaintiffs. The complaint does not make a separate allegation with regard to these photographs. In any event, the publication of the photographs would not affect our analysis because the articles, including the photographs, do not contain anything that is capable of defaming these particular persons, rather than practitioners of Falun Gong generally.

446

the defendants asked the district court to dismiss the lawsuit on the basis of the contents of that complaint alone, and the district court did so, we are required to, and do, assume that the factual assertions of falsity and injury are true. The only question before us, then, is whether such alleged facts provide a basis under state or federal law for the specific legal action that the plaintiffs chose to bring. For the reasons stated above, we conclude that they do not.

The plaintiffs, in their complaint, express their disagreement with the sometimes harsh opinions that the defendants allegedly expressed in the articles about Falun Gong and its practitioners. We are foreclosed from making any judgment whatever as to the validity of those opinions, just as we are barred from making similar judgments with respect to the views held by the plaintiffs. We thus do not, by affirming the district court's dismissal of the complaint, make or imply any judgment as to any party's expressed beliefs.

In light of our conclusion, we need not reach the merits of the plaintiffs' other arguments.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.