*Educ.,* 300 NY 306, 309; *Swiatkowski v Board of Educ.,* 36 AD2d 685, 686). It was the intervening act of the student, not the alleged failure of the teacher, which was the proximate cause of the infant plaintiff's injuries *(see, Carrillo v Kreckel,* 43 AD2d 499, 501; *Swiatkowski v Board of Educ.,* 36 AD2d 685, 686, *supra; Chmela v Board of Educ.,* 26 Misc 2d 10, 14-15, *affd* 17 AD2d 826, *lv denied* 13 NY2d 599). (Appeal from order of Supreme Court, Onondaga County, Tenney, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.

■ REALTY SETTLEMENT CORPORATION, Appellant, v IDA ATKIN, Respondent. (Appeal No. 1.)—Appeal unanimously dismissed as academic, without costs. (Appeal from order of Supreme Court, Erie County, Kasler, J.—vacate default.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.

■ REALTY SETTLEMENT CORPORATION, Appellant, v IDA ATKIN, Respondent. (Appeal No. 2.)—Order unanimously affirmed, with costs. Memorandum: Plaintiff's motion to vacate the default summary judgment pursuant to CPLR 5015 (a) (1) was properly denied, as plaintiff failed to make the requisite showing that the default was excusable, and that plaintiff has a meritorious cause of action *(see, Klenk v Kent,* 103 AD2d 1002, *appeal dismissed* 63 NY2d 953). Plaintiff's president, and attorney, argues that he did not have "personal possession" of the notice of motion until three days after its return date, but he fails to offer any explanation as to why he did not have "personal possession" other than a general statement that he frequently travels. This clearly is insufficient. Plaintiff's motion was properly denied on the further ground that plaintiff is collaterally estopped from arguing the merits of whether General Obligations Law § 5-1311 bars plaintiff from its claim for damages, since that issue was decided in a related action and affirmed by this court. (Appeal from order of Supreme Court, Erie County, Cook, J.—vacate default.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.

■ FRANK ROZANSKI et al., Individually and as Parents and Natural Guardians of ANDREA ROZANSKI, Respondents, v JANE FITCH, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed as academic, without costs *(see,* mem in *Rozanski v Fitch* [Appeal No. 2], 113 AD2d 1010). (Appeal from order of Supreme Court, Wyoming County, Newman, J.—dismiss causes of action.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.