■ FRANK ROZANSKI et al., Individually and as Parents and Natural Guardians of ANDREA ROZANSKI, Respondents, v JANE FITCH, Appellant. (Appeal No. 2.)—Order unanimously modified on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Although defendant appeals from two separate orders denying her motions to dismiss various causes of action asserted by plaintiffs, resolution of both appeals requires that we review only this order denying her motion under CPLR 3211 (a) (7); 3024 (a) to dismiss plaintiffs' amended complaint.

The amended complaint contains 18 causes of action. The first six sound in negligence; the seventh through twelfth allege defamation; and the thirteenth through eighteenth assert causes of action for intentional infliction of emotional distress. Since all causes of action are premised upon slanderous statements allegedly made by defendant concerning plaintiffs, this is essentially a claim for defamation.

A cause of action for defamation does not arise until there is publication, and allegations that prior to publication defendant negligently failed to determine the truth of her remarks and negligently failed to consider their adverse impact upon plaintiffs do not assert independent actionable wrongs (Weidman v Ketcham, 278 NY 129). Causes of action first through sixth, therefore, must be dismissed.

Causes of action thirteenth through eighteenth must also be dismissed. It is doubtful that an action for intentional infliction of emotional distress should be entertained "where the conduct complained of falls within the ambit of other traditional tort liability" (Fischer v Maloney, 43 NY2d 553, 558). Here, the causes of action for intentional infliction of emotional distress are redundant of the causes of action for defamation. If the latter fail, the former must also fail. If the words spoken by the defendant are true, the defendant had a right to say them, and that right cannot be subverted by allowing an action for intentional infliction of emotional distress (see, Murphy v American Home Prods. Corp., 58 NY2d 293, 303). If the words spoken were false, they are slanderous per se, and damages for emotional distress are recoverable on the defamation causes of action (Garrison v Sun Print. & Pub. Assn., 207 NY 1; Dazzo v Meyers, 83 AD2d 14; Privitera v Town of Phelps, 79 AD2d 1). (Appeal from order of Supreme Court, Wyoming County, Newman, J.—dismiss causes of action.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.