■ GEORGE MANNO, Respondent, v JOSEPH C. HEMBROOKE, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered March 13, 1985 in Sullivan County, which denied defendant's motion to dismiss the complaint.

Plaintiff, a member of the Board of Education of the Delaware Valley Central School District, commenced this action in October 1984 claiming that certain statements of defendant, published in a local newspaper on October 20, 1983, were defamatory, intended to expose him to ridicule and contempt, prejudiced him in his capacity as a teacher and were made with the knowledge that they were false. In a second cause of action, plaintiff asserted that, in making the statements, defendant caused him severe mental distress. Plaintiff sought $250,000 in compensatory damages and $250,000 in punitive damages.

The facts out of which plaintiff's suit arose are as follows. The Board of Education had a policy that members of the public who wished to speak at Board meetings would have to first make their requests in writing and receive the prior approval of two Board members. During a meeting of the Board held on October 18, 1983 at which the Board decided to retain the policy, plaintiff wore a surgical mask to protest what he considered an infringement on the right to free speech. Defendant, who was the Superintendent of Schools for the school district, was later quoted in the local newspaper as saying, in criticism of plaintiff's wearing the mask: " 'I felt it was an immature and childish act by a person obviously manipulated by other members in the community * * * Unfortunately, it didn't accomplish its purpose. He spoke more nonsense than he usually does.' " As a result of these state-

ments, plaintiff commenced the instant action against defendant.

Defendant moved to dismiss the action on the ground that it failed to state a cause of action. Defendant claimed that the statements were no more than fair comment, were not susceptible to a defamatory connotation and that, in any event, defendant had limited immunity. He also asserted that, since the conduct complained of in the second cause of action falls under the traditional tort theory of libel, an emotional distress claim could not lie. Special Term, stating that CPLR 3026 mandates that pleadings be liberally construed, found that the complaint stated a cause of action and denied defendant's motion. This appeal ensued.

There must be a reversal of Special Term's order and the motion to dismiss the complaint should be granted. Defendant's statements were constitutionally protected expressions of opinion and are not reasonably susceptible of a defamatory connotation.

Defendant first argues that plaintiff, as a Board member, failed to allege actual malice as he was required to do in order to recover in an action for libel. It is true that plaintiff, a public official, must allege actual malice, i.e., that the statements were made with knowledge that they were false or with reckless disregard as to whether they were false (see, New York Times Co. v Sullivan, 376 US 254, 270). However, although plaintiff did not use the phrase "actual malice" in the complaint, the averments of the complaint do describe actual malice as required by New York Times Co. v Sullivan (supra), and the complaint is therefore sufficient in that respect.

However, defendant's next contention, that as a matter of law the statements he made are constitutionally protected statements of opinion incapable of being proved true or false and, therefore, cannot be the subject of a defamation action, is well taken. "Opinions, false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions, provided that the facts supporting the opinions are set forth" (Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 380, cert denied 434 US 969). An opinion is actionable only when it is made upon a concealed set of facts which the speaker implies would support his opinion (Rand v New York Times Co., 75 AD2d 417, 422; see, Hotchner v Castillo-Puche, 551 F2d 910, cert denied sub nom. Hotchner v Double-day & Co., 434 US 834). Whether a statement constitutes fact or opinion is a question of law (Rinaldi v Holt, Rinehart & Winston, supra, p 381). In the instant case, the allegedly

defamatory statements were supported by the underlying facts of plaintiff's conduct, which was described in the article. Additionally, neither of the statements is capable of being objectively proven true or false *(see, Ollman v Evans,* 750 F2d 970, 979, *cert denied* — US —, 105 S Ct 2662). Thus, plaintiff has not stated a cause of action in libel.

Plaintiff argues that defendant's statements injured him in his profession, since he is a local teacher accused of speaking nonsense. However, neither defendant's statements nor the article in which they appeared mention plaintiff's profession. The article simply dealt with plaintiff's position as a member of the Board. The connection between the article and plaintiff's profession is too tenuous to make defendant's statement reasonably susceptible of a defamatory connotation. Further, while false statements which hold a person up to public disgrace may be considered libelous *(Silsdorf v Levine,* 59 NY2d 8, 13, *cert denied* 464 US 831), and while it is arguable that defendant's statements could have disgraced plaintiff, there is, nevertheless, no way to prove the truth or falsity of the statements in question *(see, Ollman v Evans, supra).*

Defendant's argument that plaintiff has failed to state a cause of action because he failed to allege special damages is rejected. Defendant's statements could be construed as ridiculing plaintiff, i.e., that plaintiff was "immature and childish". That being the case, it was not necessary for plaintiff to include an allegation of special damages *(see, Sydney v Mac-Fadden Newspaper Pub. Corp.,* 242 NY 208, 211-212; *see also, Rinaldi v Holt, Rinehart & Winston, supra,* p 379).

Finally, although Special Term did not dismiss the second cause of action asserting a claim for emotional distress, that claim should also be dismissed. Since the conduct of which plaintiff complains falls totally within the scope of the first cause of action for libel, plaintiff cannot recover damages under a separate emotional distress claim *(see, Fischer v Maloney,* 43 NY2d 553, 557-558).

Order reversed, on the law, with costs, motion granted and complaint dismissed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.