■ FRANK ROZANSKI et al., Individually and as Parents and Natural Guardians of ANDREA ROZANSKI, Appellants, v JANE FITCH, Respondent.—Order and judgment unanimously modified on the law and as modified affirmed with costs to plaintiffs, in accordance with the following memorandum:

Plaintiffs Frank (Sonny) and Lillian Rozanski are husband and wife, and plaintiff Andrea Rozanski is their daughter. The seventh and eleventh causes of action of plaintiffs' complaint allege that on separate dates defendant said to one or more others: "Sonny has been sleeping with Andrea since she was ten years old. Andrea didn't know this was immoral". Andrea Rozanski was 16 years old when the alleged defamatory statements were made. The complaint further alleges that the statements were intended by defendant to accuse plaintiff husband and daughter of the crime of incest, and to mean that said plaintiffs were unchaste, offensive and indecent.

The eighth and twelfth causes of action of the complaint allege that on March 12, 1984 and March 19, 1984, respectively, defendant said to one or more others: "Lillian is losing her realtor's license. She is on warning." Lillian Rozanski was a licensed realtor when the alleged defamatory statements were made. The complaint further alleges that the statements were intended by defendant to disparage plaintiff Lillian Rozanski in her work, profession and business as a realtor.

Following completion of examinations before trial, defendant moved for summary judgment dismissing the complaint. Special Term granted the motion and judgment was entered accordingly. The court found that the words spoken by the defendant as alleged in the seventh and eleventh causes of action were true and thus defendant had a right to say them. The eighth and twelfth causes of action were dismissed "on the failure to show any damages to the plaintiff Lillian Rozanski flowing from such alleged defamations".

The seventh and eleventh causes of action must be reinstated. Apparently because it is undisputed on the summary judgment submission that plaintiffs Frank Rozanski and his daughter Andrea Rozanski shared a bed on at least one occasion under unusual circumstances, Special Term concluded that the words spoken by defendant were true. That conclusion is based upon a misperception of the issue. It is for the court, in the first instance, to decide whether the statements are susceptible of a defamatory connotation *(Aronson v Wiersma,* 65 NY2d 592; *Silsdorf v Levine,* 59 NY2d 8, *cert denied* 464 US 831; *James v Gannett Co.,* 40 NY2d 415). That determination was made by this court on a prior appeal in this case *(see, Rozanski v Fitch,* 113 AD2d 1010). When such a finding is made, "then 'it becomes the jury's function to say whether that was the sense in which the words were likely to be understood' " *(James v Gannett Co., supra,* at 419, quoting *Mencher v Chesley,* 297 NY 94, 100). Words alleged to be

defamatory are to be given fair interpretation in context, taken in their natural meaning, and courts must not strain to interpret them in their mildest and most inoffensive sense *(Aronson v Wiersma, supra,* at 593-594; *Mencher v Chesley, supra,* at 100; *November v Time Inc.,* 13 NY2d 175, 178; *see also, Schermerhorn v Rosenberg,* 73 AD2d 276, 283). Here, there can be no doubt that the words alleged in the seventh and eleventh causes of action are susceptible of a defamatory meaning which was not demonstrated to be true on defendant's motion for summary judgment.

We also reverse that part of the order and judgment which dismissed the eighth cause of action. Special Term dismissed both the eighth and twelfth causes of action because plaintiff Lillian Rozanski failed to submit proof of damages. The words alleged to have been spoken by defendant are susceptible of a defamatory meaning, tending to disparage plaintiff Lillian Rozanski in her occupation as a realtor, and, if so found, there need be no proof of special damages *(see, Nellis v Miller,* 101 AD2d 1002; 43 NY Jur 2d, Defamation and Privacy, § 3). As we previously said, damages for emotional distress may be recoverable *(Rozanski v Fitch,* 113 AD2d 1010, *supra).*

Finally, we affirm that part of the order and judgment dismissing the twelfth cause of action on the basis that there is no proof that defendant made the statement on March 19, 1984 as is alleged in that cause of action. (Appeal from order and judgment of Supreme Court, Wyoming County, Newman, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Davis, JJ.