■ DAVID K. BUTLER, Appellant, v DELAWARE OTSEGO CORPORATION et al., Respondents. [610 NYS2d 664] —Crew III, J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered July 2, 1993 in Otsego County, which, *inter alia,* granted defendants' motion to dismiss the amended complaint.

From December 1979 to January 1984, plaintiff was employed as Chief of Railway Police by defendant Delaware Otsego Corporation (hereinafter Delaware Otsego). The record indicates that defendant New York Susquehanna and Western Railway Corporation (hereinafter Susquehanna) is a subsidiary of Delaware Otsego, and it appears that defendant George K. Crippen succeeded plaintiff as Delaware Otsego's Chief of Railway Police.

In January 1993, plaintiff commenced this action against defendants asserting causes of action sounding in prima facie tort, negligence and intentional infliction of emotional distress. Specifically, plaintiff alleged that on or about November 5, 1987, August 7, 1991 and January 21, 1993, Crippen caused a certain package containing allegedly defamatory materials concerning plaintiff's past to be circulated to the *New York Times* and several of plaintiff's business associates, that Delaware Otsego and Susquehanna failed to adequately supervise Crippen's activities in this regard and that plaintiff suffered emotional distress as a result. Defendants moved to dismiss plaintiff's complaint for failure to state a cause of action, and plaintiff cross-moved for leave to amend his complaint. Supreme Court granted plaintiff's cross motion and thereafter granted defendant's motion to dismiss as well. This appeal by plaintiff followed.

We affirm. "Prima facie tort affords a remedy for the infliction of intentional harm resulting in damage without excuse or justification, by an act or series of acts which would otherwise be lawful" *(Marine Midland Bank v Cafferty,* 174 AD2d 932, 936 [citation omitted]; *see, Matter of Schulz v Washington County,* 157 AD2d 948, 950). While it is true that the availability of a traditional tort remedy will not preclude a plaintiff from pleading, as alternative relief, a cause of action for prima facie tort, "[w]here relief may be afforded under traditional tort concepts, prima facie tort may not be invoked as a basis to sustain a pleading which otherwise fails to state a cause of action in conventional tort" *(Freihofer v Hearst Corp.,* 65 NY2d 135, 143; *see, Bassim v Hassett,* 184 AD2d 908, 910). The factual allegations underlying this cause of action relate to the dissemination of allegedly defamatory materials, and plaintiff's apparent attempt to characterize an alleged libel as a cause of action for prima facie tort must fail. Moreover, even accepting plaintiff's assertion that he may plead prima facie tort under these circumstances, the cause of action would fail nonetheless because the amended complaint does not contain "a particularized statement of the reasonable, identifiable and measureable special damages" allegedly incurred by plaintiff *(Constant v Hallmark Cards,* 172 AD2d 641, 642).

We reach a similar conclusion regarding plaintiff's cause of action for intentional infliction of emotional distress. It is well settled that "a cause of action for intentional infliction of emotional distress should not be entertained 'where the conduct complained of *falls well within* the ambit of other

traditional tort liability' " *(Sweeney v Prisoners' Legal Servs.,* 146 AD2d 1, 7, *lv dismissed* 74 NY2d 842, quoting *Fischer v Maloney,* 43 NY2d 553, 558 [emphasis in original]). Additionally, the facts alleged in the amended complaint, even if true, are insufficient to state a cause of action for intentional infliction of emotional distress, which requires "extreme and outrageous conduct [so transcending] the bounds of decency as to be regarded as atrocious and intolerable in a civilized society" *(Freihofer v Hearst Corp., supra,* at 143).

As to plaintiff's cause of action for negligence, which is based upon the corporate defendants' alleged failure to prevent and/or their participation in Crippen's purported dissemination of defamatory materials, we are of the view that plaintiff cannot recover under the traditional principles of negligence. The facts alleged by plaintiff are, in essence, inseparable from the tort of defamation and, as such, plaintiff is relegated to any remedy that would have been available on that basis *(see generally, Virelli v Goodson-Todman Enters.,* 142 AD2d 479, 485; *Stalteri v County of Monroe,* 107 AD2d 1071). Plaintiff's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.