**Tony ANYANWU, Plaintiff,**

v.

**COLUMBIA BROADCASTING SYSTEM, INC., et al., Defendants.**

**No. 94 Civ. 9082 (RWS).**

United States District Court,
S.D. New York.

June 15, 1995.

Tony Anyanwu, Anthony & Associates, P.C., Bronx, NY, pro se.

Douglas P. Jacobs, Anthony M. Bongiorno, New York City, for defendants.

### OPINION

SWEET, District Judge.

Defendants CBS, Inc. ("CBS"), Ed Bradley ("Bradley"), Andy Rooney ("Rooney"), and Mike Wallace ("Wallace") (collectively the "Defendants"), have moved pursuant to Rule 12(b)(6) to dismiss the complaint of Plaintiff Tony Anyanwu ("Anyanwu") for failure to state a claim as a matter of law. For the reasons set forth below, the motion is granted. In addition, Defendants moved for sanctions pursuant to Rule 11. As set forth below, that motion is denied.

### The Parties

*Pro se* Plaintiff Anyanwu, an attorney, is a Nigerian citizen domiciled in New Jersey.

Defendant CBS is a New York Corporation engaged in the business of information broadcasting, including the production and broadcasting of "60 Minutes," a weekly news and public affairs magazine show.

Defendants Bradley, Rooney and Wallace are CBS employees affiliated with "60 Minutes."

### Prior Proceedings

An initial complaint, based on diversity jurisdiction, was filed in this action on December 24, 1994. An amended complaint (the "Complaint") was filed on February 8, 1995.

The Complaint, filed on behalf of Anyanwu and all Nigerians engaged in international business with United States citizens, alleges three claims against Defendants arising out of statements made on a 60 Minutes broadcast that was aired on December 11, 1994. These claims include: 1) libel; 2) intentional infliction of emotional distress; and 3) negligence for failure to adequately investigate the allegations made about Nigerians.

Plaintiff seeks 1) an injunction prohibiting this segment to be rebroadcast; 2) a public apology from Defendants; and 3) damages, including, punitive damages in an amount to be determined at trial.

The present motions were filed by Defendants on February 16, 1995. Both parties briefed the issues and oral argument was heard on April 5, 1995 at which time the motions were fully submitted.

### The Facts

Plaintiff's contentions which are taken as true for the purposes of a motion to dismiss are as follows:

A segment of the December 11, 1994 60 Minutes program was aired that concerned Nigerians engaged in international business with United States citizens. During the show the following was said by Defendants:

... Nigerians engaged in international business with United States citizens are fraudulent and deceitful ... Nigerians engaged in international business with United States citizens have defrauded United States citizens of One Billion Dollars ... United States citizens should not do business with Nigerian business persons engaged in international business with the United States because they will defraud them ... The Nigerian Government aids and abets corruption ... Nigeria is the center of fraud in the world ...

Defendants have on other occasions made similar statements about Nigerian business persons.

Plaintiff alleges that Defendants did not take reasonable steps to make sure that the statements about Nigerian business people were true; they performed their investigations negligently, carelessly and without the exercise of reasonable skills.

The statements have subjected the Plaintiff and the class to public ridicule and disgrace and have injured his business and reputation to the tune of $50,000.

As a result of the broadcasts, United States citizens now regard all Nigerians, including Plaintiff and his class, as fraudulent and consequently do not do business them.

Plaintiff and his class have become tense, nervous, irritable and have suffered great mental anguish.

### Discussion

#### Standards for a 12(b)(6) Motion

■ On a Rule 12(b)(6) motion to dismiss, the factual allegations of the complaint are presumed to be true and all factual inferences must be drawn in the plaintiff's favor and against the defendants. See *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989); *Dwyer v. Regan*, 777 F.2d 825, 828–29 (2d Cir.1985). Accordingly, the factual allegations considered here and set forth below are taken from Plaintiff's Amended Complaint and do not constitute findings of fact by the Court. They are presumed to be true only for the purpose of deciding the present motions.

Rule 12(b)(6) also imposes a substantial burden of proof upon the moving party. A court may not dismiss a complaint unless the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). *Accord Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984) (quoted in *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 250–51, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989)).

### Motion to Dismiss Libel Claim is Granted

■ To withstand a motion to dismiss, the libel plaintiff must "advance[ ] colorable claims of having been identified and described by defamatory comment." *Geisler v. Petrocelli*, 616 F.2d 636, 640 (2d Cir.1980); *See Church of Scientology Intern. v. Time Warner Inc.*, 806 F.Supp. 1157, 1159–60 (S.D.N.Y.1992); *cf. Springer v. Viking Press*, 60 N.Y.2d 916, 917, 470 N.Y.S.2d 579, 458 N.E.2d 1256 (1983) ("of and concerning" requirement is an essential element of a libel claim). The "of and concerning" requirement is generally a question of fact for the jury, although it can be decided as a matter of law where the statements "are incapable of supporting a jury's finding that the allegedly libelous statements refer to a plaintiff." *Handelman v. Hustler Magazine, Inc.*, 469 F.Supp. 1048, 1050 (S.D.N.Y.1978). In determining whether the "of and concerning" requirement has been sufficiently pleaded, the Court must consider whether those who know the plaintiff, upon reading the statements, would know that he was the target of the allegedly libelous statement. *Church of Scientology Inter.*, 806 F.Supp. at 1160. It is not sufficient that the plaintiff is libeled as a member of a large group. *Id.* In order to overcome the group libel doctrine, courts have held that "the circumstances of the publication reasonably give rise to the conclusion that there is a particular reference to

the member." *Id.* at 1160, *quoting* Restatement (Second) of Torts, § 564A(b).

■ In New York, the rules regarding reference to the individual in a context of group defamations were summarized by the Court of Appeals of the State of New York in *Gross v. Cantor*, 270 N.Y. 93, 200 N.E. 592 (1936) and discussed in *Brady v. Ottaway Newspapers, Inc.*, 84 A.D.2d 226, 445 N.Y.S.2d 786 (2d Dept.1981). In *Gross*, the Court of Appeals explained:

> An action for defamation lies only in case the defendant has published the matter "of and concerning the plaintiff." (citations omitted) ... Consequently an impersonal reproach of an indeterminate class is not actionable. "But if the words may by any reasonable application, import a charge against several individuals, under some general description or general name, the plaintiff has the right to go on to trial, and it is for the jury to decide, whether the charge has the personal application averred by the plaintiff." (internal citations omitted).

*Brady*, 445 N.Y.S.2d at 790, *quoting Cantor*, 270 N.Y. at 96, 200 N.E. 592.

The New York Courts have not set a particular group number above which defamation of a group member is not possible. *See Brady*, 445 N.Y.S.2d at 790–792. The Courts have allowed individuals to pursue libel claims where they were identified as a member of a group of less than sixty. *See Brady*, 445 N.Y.S.2d at 786 (members of a group of 53 "unindicted officers" in a police force); *Neiman–Marcus v. Lait*, 13 F.R.D. 311 (S.D.N.Y.1952) (group of 25 salesmen at a particular store was small enough to withstand motion to dismiss by individual salesmen); *Gross v. Cantor*, 270 N.Y. 93, 200 N.E. 592 (1936) (upholding denial of a motion to dismiss complaint made by 11 defendant radio editors).

The parties have not identified any cases where individual members of groups larger than sixty have been permitted to go forward. *See Neiman–Marcus v. Lait*, 13 F.R.D. 311 (S.D.N.Y.1952) (motion to dismiss group libel claim by individual members of a group of 382 saleswomen); *National Nutritional Foods Association v. Whelan*, 492 F.Supp. 374 (S.D.N.Y.1980) (dismissing action of libel on behalf of thousands of health food retailers, manufacturers and distributors). Based on size alone as indicated below, the group is too large to allow an individual unspecified member to sue for libel.

■ The New York Courts have also used an "intensity of suspicion" test to evaluate whether or not to sustain actions premised on group libel. *See Brady*, 445 N.Y.S.2d at 793–795; citing with approval *Fawcett Publications, Inc. v. Morris*, 377 P.2d 42, 51 (Okla.1962), *cert. denied*, 377 U.S. 925, 84 S.Ct. 1218, 12 L.Ed.2d 217 (1964). In this test, courts consider the degree to which the defamatory comments focus on individual members including the definitiveness of the group, its degree of organization, the size and prominence of the group. Reviewing these factors does not lead the court to a different conclusion. Unlike the cases where the degree of suspicion counseled maintaining an action, this group is neither definite, highly organized or prominent as a group.

The Plaintiff estimates that the class exceeds five hundred. These more than five hundred Nigerians engaged in international business with United States citizens have not been further defined in the statements quoted in the complaints and the Plaintiff has not provided any argument that the statements were of or concerning any particular plaintiff.

Applying either test, the claim must be dismissed.

### The Intentional Infliction of Emotional Distress and Negligence Claims are Dismissed

■ For the same reasons discussed above, the other tort claims must fail. When additional tort claims are aimed at controlling the same speech that is the basis of a libel claim, courts should not entertain the additional claims under less stringent standards. *See Hustler Magazine v. Falwell*, 485 U.S. 46, 57, 108 S.Ct. 876, 882, 99 L.Ed.2d 41 (1988).

New York cases have held that a separate cause of action for what are essentially defamation claims should not be entertained. *See Ghaly v. Mardiros*, 204 A.D.2d 272, 611

N.Y.S.2d 582 (2d Dept.1994); *Manno v. Hembrooke*, 120 A.D.2d 818, 501 N.Y.S.2d 933, 936 (3d Dept.1986); *Rozanski v. Fitch*, 113 A.D.2d 1009, 494 N.Y.S.2d 847 (4th Dept. 1985). New York Courts have so held with respect to negligence claims coupled with claims for defamation. *See Butler v. Delaware Otsego Corp.*, 203 A.D.2d 783, 610 N.Y.S.2d 664 (3d Dept.1994).

Plaintiff's three claims rely on the same underlying facts and are variations of the same claim. Consistent with the above, the second and third claims are also dismissed.

### Motion for Rule 11 Sanctions is Denied

 The familiar prescriptions of Rule 11 were amended, effective December 1, 1993, so that the district court's power to impose sanctions is now considered "discretionary rather than mandatory." *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir.1994); *First Interregional Equity Corp. v. Haughton*, 91 Civ. 0143, 1994 WL 364038 at *4, 1994 U.S.Dist. LEXIS 9477 at *10 (S.D.N.Y. July 12, 1994).

The amended Rule 11, provides, in relevant part:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying to the best of the person's knowledge, information, and belief, forced after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Fed.R.Civ.P. 11.

If the Court determines that Rule 11 has been violated, sanctions may be imposed pursuant to Rule 11(c), which provides for:

(c) Sanctions. If, after a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanc-

tion upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

The Second Circuit has determined that Rule 11 sanctions should be "imposed with caution." *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir.1994). "[A]ny and all doubts must be resolved in favor of the signer." *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985); see also *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir.1993) (" '[w]hen divining the point at which an argument turns from merely losing to losing and sanctionable, ... we have instructed district courts to resolve all doubts in favor of the signer.' ") (citations omitted).

As a result, the 1993 amendments to Rule 11 are viewed to "discourage imposition of monetary and other sanctions under the Rule where conduct does not 'reach the point of clear abuse.' " *Fontaine v. Ryan*, 849 F.Supp. 242, 245 (S.D.N.Y.1994) (quoting *Stern v. Leucadia National Corp.*, 844 F.2d 997, 1006 (2d Cir.1988)); see also *Mareno v. Jet Aviation of Am.*, 155 F.R.D. 74, 76 (S.D.N.Y.1994) (1993 amendment "downgrad[ed]" Rule 11 as weapon against litigation abuse).

The Defendants contend that Anyanwu violated the requirements of Rule 11 by virtue of filing his suit, which they contend has no basis in law. The record before the Court does not support sanctions and the motion will be denied.

### Conclusion

As described above, the motion to dismiss is granted and the motion for sanctions is denied.

It is so ordered.