Nesbitt v. USA                              CV-96-594-SD 04/21/97

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


James M. Nesbitt III


        v.                                  Civil No. 96-594-SD


United States of America;
Special Agent Gerald Graffam



O R D E R


        This order addresses the issues raised by the defendants'
motion to dismiss (document 4) and plaintiff's motion to strike
the defendants' motion (document 12).[1]


1.  Background

        This suit has been brought pursuant to the Federal Tort
Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, et seq.; and
Bivens v. Six Unknown Narcotics Agents of the Bureau of
Narcotics, 403 U.S. 388 (1971).  The plaintiff, James Nesbitt
III, seeks money damages for the alleged violation of his rights
to be free from false imprisonment, intentional and negligent

_____

        [1]Plaintiff also seeks the imposition of sanctions pursuant
to Rule 11, Fed. R. Civ. P., specifically, an award of attorney
fees and costs.

infliction of emotional distress, and unreasonable search and seizure.[2]

It appears that plaintiff originally brought suit against defendant Graffam and a number of state law enforcement officers in the Superior Court of Strafford County, New Hampshire. Following removal to this court, he dismissed the claim against Graffam without prejudice, and the action was then remanded to the state court.

On remand, the state court entered summary judgment for the majority of the remaining state defendants. Subsequently, plaintiff dismissed with prejudice the remaining count of his complaint against the surviving defendant. However, an appeal is pending from the summary judgment order.

The instant motion of the defendants was filed on February 28, 1997. Document 4. It claims that collateral estoppel (arising from the summary judgment order in state court) bars the action in this court against defendant Graffam, that Graffam is entitled to qualified immunity, and that the complaint was not properly served on Graffam. Id.

On March 20, 1997, plaintiff filed an objection to the motion to dismiss, incorporating a request for stay of ruling on

---

[2]The genesis of this case is plaintiff's May 10, 1994, seizure for alleged drug dealing. No prosecution followed such arrest.

2

the motion until after April 11, 1997.  Document 5.[3]  The court granted this motion by order of March 31, 1997.  Document 9.

On April 10, 1997, defendants filed their notice of withdrawal of those portions of the dismissal motion grounded on collateral estoppel.  Document 11.  Plaintiff, invoking Rule 11, seeks to strike the remaining portions of the motion and claims entitlement to sanctions in the nature of fees and costs. Document 19.

2.  Discussion

The court commences its analysis with a brief outline of certain relevant portions of Rule 11.  The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts.  2 MOORE'S, supra, § 11.03 at 11-16.  Amended in 1993 to remedy problems that arose in the interpretation and application of the 1983 amendments, the revision placed greater constraints on the imposition of sanctions, which was intended to reduce the number of motions for sanctions presented to the court.  Id. at 11-17. Accordingly, the imposition of sanctions is no longer mandatory,

_____

[3]Plaintiff's motion was grounded on the 21-day "safe harbor" provision of Rule 11(c)(1)(A), which immunizes litigants from Rule 11 sanction motions if they withdraw or correct the challenged paper before the sanctions motion is served.  2 MOORE'S FEDERAL PRACTICE § 11.22[1][b], at 1139-40 (3d ed. 1997)

3

but, rather, is discretionary.  <u>Knipe v. Skinner</u>, 19 F.3d 72, 78 (2d Cir. 1994); <u>Anyanwu v. CBS</u>, 887 F. Supp. 690, 694 (S.D.N.Y. 1995).

The reasonableness of an attorney's investigation of the facts and the law depends on the circumstances of the case.  Rule 11(b), Fed. R. Civ. P.  But no per se rule is created requiring an attorney to research every defense potentially at issue.  2 MOORE'S, <u>supra</u>, § 11.11[2] at 11-23.  The standard of conduct is objective, <u>id.</u>, § 11.11[3] at 11-23, and a standard of "frivolousness" for obvious lack of merit is generally applied, <u>id.</u> § 11.11[5] at 11-25.

Sanctions are inappropriate if the challenged position is supported by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.  MOORE'S, <u>supra</u>, § 11.11[7][b] at 11-29.  They are also inappropriate when there are differing interpretations of the law or when contrary controlling authority is not obvious.  <u>Id.</u> § 11.11[7][c] at 11-30.[4]

---

[4]Apparently defendants originally relied on research that persuaded them that collateral estoppel could be applied when judgment entered, even though an appeal was later taken.  This research differs from applicable New Hampshire law.  However, the defendants' withdrawal of claims grounded on collateral estoppel moots any claims of sanctions grounded on their motion to dismiss.

Turning to the defendants' motion, the court finds that the notice of withdrawal, fairly read, leaves pending at this stage of the proceedings only the issue of whether service on defendant Graffam was proper. Such service was had by certified mail pursuant to Rule 4(i)(2), Fed. R. Civ. P.[5]

Unfortunately, as plaintiff has here invoked the Bivens doctrine, he sues defendant Graffam in his individual rather than his official capacity. Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996) (actions brought under Bivens can be maintained against a defendant in his individual capacity only, and not in his official capacity); Armstrong v. Sears, 33 F.3d 182, 186-87 (2d Cir. 1994) (same). Accordingly, service on defendant Graffam should have been made pursuant to Rule 4(e),[6] rather than Rule

---

[5]Rule 4(i)(2) prescribes that service upon an officer of the United States shall be made by serving the United States in accordance with Rule 4(i)(1) and sending a copy of the summons and complaint by registered or certified mail to the officer. Rule 4(i)(1) prescribes that service upon the United States shall be made by (1) delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought or to specified designees of that United States Attorney, (2) sending copies thereof by registered or certified mail to the Attorney General of the United States, and (3) in certain cases, sending a copy of the summons and complaint by registered or certified mail to a specified nonparty officer or agency of the United States.

[6]Rule 4(e) authorizes service upon an individual (1) pursuant to the law of the state in which the district court is located or in which service is effected, (2) by delivery of the summons and complaint personally to the defendant, (3) by leaving copies thereof at the defendant's usual place of abode with a

5

4(i)(2). See 1 MOORE'S FEDERAL PRACTICE § 4.56[3] at 4-76-77 (3d ed. 1997). It follows that the Bivens claim against defendant Graffam has not been properly served upon him, and accordingly that action is dismissed without prejudice.

3. Conclusion

For the reasons hereinabove outlined, defendants having withdrawn their claims of collateral estoppel and qualified immunity within the "safe harbor" provisions of Rule 11, Fed. R. Civ. P., and defendants having satisfied the court that the Bivens claim against defendant Graffam requires service under Rule 4(e) rather than Rule 4(i)(2), the remaining claim of improper service is viable, and the court grants the motion to dismiss without prejudice to that extent. The plaintiff's motion to strike and for imposition of sanctions is herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 21, 1997
cc:   Gordon R. Blakeney, Jr., Esq.
      T. David Plourde, Esq.

_____

person of suitable age and discretion residing therein, or (4) by delivering copies thereof to an agent authorized by appointment or by law to receive service of process.

6