**Ruth S. KUHNS, on behalf of herself and all others similarly situated**

v.

**CORESTATES FINANCIAL CORP., Successor to Meridian Bancorp, Inc. Successor to the First National Bank of Allentown.**

No. CIV. A. 97–5981.

United States District Court, E.D. Pennsylvania.

March 20, 1998.

no need to address defendant's motion for summary judgment on the punitive damages claim.

Harry A. Dower, Allentown, PA, for Plaintiff.

Daniel B. Huyett, E. Thomas Henefer, Stevens & Lee, Reading, PA, for Defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This case has been brought before the Court on motion of Defendant, CoreStates Financial Corp. to dismiss the plaintiff's complaint and for sanctions pursuant to Fed. R.Civ.P. 11. For the reasons which follow, the motion to dismiss shall be granted, the motion for sanctions shall be denied and the plaintiff's complaint dismissed with prejudice.

### Background

This matter has its origins in a profit sharing and retirement trust plan ("the plan") which was created in 1954 for the benefit of the employees of the First National Bank of Allentown, Pennsylvania. According to the allegations in the plaintiff's complaint, in January, 1984, First National merged with Meridian Bancorp, Inc., which was itself subsequently acquired in 1996 by defendant CoreStates Financial. Plaintiff contends that CoreStates (as the successor to both Meridian and First National of Allen-town) assumed control over the plan and, as trustee for a group of fifteen or more other pension trusts maintained by it for the benefit of its own or the employees of other banks to which it succeeded in interest, "took" the assets, interest and proceeds from the First National plan and used them to make payments to the beneficiaries of the other trusts. Plaintiff further alleges that the amount "taken" to date is more than $35,000,000 and that the taking was in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1103, et. seq.

In response, defendant moves to dismiss plaintiff's complaint under Fed.R.Civ.P. 12(b)(6) on the grounds that her claims were fully litigated in a prior action before Judge Cahn of this Court and the Third Circuit Court of Appeals. In that case, which was docketed in the District Court at No. 92–4065 and in the Third Circuit at Nos. 94–1839 and 94–1869, plaintiff, along with two other retired employees of the First National Bank of Allentown, likewise sought payment of the plan's assets and funds to the members of the proposed plaintiff class (employees and/or former employees of First National of Allentown and/or Meridian Banks) in direct proportion to each person's account balance as of December, 1970, when First National switched from a profit sharing plan to a defined benefit plan. Defendant therefore now asserts that this action is barred under the doctrine of res judicata.

### Standards Governing 12(b)(6) Motions

It has long been held that the issue of the sufficiency of a pleading may be raised by the filing of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). In resolving a Rule 12(b)(6) motion, the courts are to primarily consider the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3rd Cir.1990). In so doing, the court must accept as true the facts alleged in the complaint, together with all reasonable inferences that can be

drawn therefrom and construe them in the light most favorable to the plaintiff. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3rd Cir.1990); *Hough/Loew Associates, Inc. v. CLX Realty Co.*, 760 F.Supp. 1141 (E.D.Pa.1991). The court's inquiry is directed to whether the allegations constitute a statement of a claim under Rule 8(a) and whether the plaintiff has a right to any relief based upon the facts pled. Dismissal under Rule 12(b)(6) for failure to state a claim is therefore limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3rd Cir.1988); *Angelastro v. Prudential–Bache Securities, Inc.*, 764 F.2d 939, 944 (3rd Cir. 1985), *cert. denied*, 474 U.S. 935, 106 S.Ct. 267, 88 L.Ed.2d 274 (1985).

### Discussion

■ Defendant here moves to dismiss plaintiff's complaint on the grounds that it is barred pursuant to the doctrine of *res judicata*. Under *res judicata* or claim preclusion, a final judgment on the merits bars a subsequent suit on the same cause of action by the same parties and their privies. *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189–191 (3rd Cir.1993); *Railway Labor Executives' Ass'n. v. Guilford Transportation Industries, Inc.*, 989 F.2d 9, 11 (1st Cir.1993). *Res judicata* will not be defeated by minor differences of form, parties or allegations where the controlling issues have been resolved in a prior proceeding in which the present parties had an opportunity to appear and assert their rights. *Zhang v. Southeastern Financial Group, Inc.*, 980 F.Supp. 787, 794 (E.D.Pa.1997). Thus, *res judicata* prevents a party from prevailing on issues he might have but did not assert in the first action. *Gregory v. Chehi*, 843 F.2d 111, 116 (3rd Cir.1988).

■ Federal law determines the *res judicata* effect of a prior federal court judgment and holds that in order for the doctrine to apply, four requirements must be met. *Gulf Island–IV v. Blue Streak–Gulf Is Ops*, 24 F.3d 743, 746 (5th Cir.1994):(1) the parties in the instant action must be the same as or in privity with the parties in the prior action in question, (2) the court that rendered the prior judgment must have been a court of competent jurisdiction, (3) the prior action must have been terminated with a final judgment on the merits, and (4) the same claim or cause of action must be involved in both suits. *Id.*; *Greenberg v. Potomac Health Systems, Inc.*, 869 F.Supp. 328, 330 (E.D.Pa. 1994).

■ Applying the foregoing to the case at hand and after carefully reviewing plaintiff's complaint and Judge Cahn's and the Third Circuit's orders in Case No. 92–4065, we find that the elements of *res judicata* have been satisfied and thus dismissal on this basis is appropriate. For one, the plaintiff in this action was one of three plaintiffs in the first action and, as is pled in ¶ 1 of the complaint, CoreStates is the successor in interest to First National Bank of Allentown and Meridian Bancorp. Identity of parties has therefore been established.

We also find that as Case No. 92–4065 was adjudicated in both this court and in the Third Circuit Court of Appeals, the judgments entered in that action were final, made on the merits and were obviously rendered by a court of competent jurisdiction. Indeed, as the records in that action reflect, following Judge Cahn's opinion and order of February 8, 1993 granting in large part defendant's (at that time Meridian Bancorp's) summary judgment motion, plaintiffs sought to take an interlocutory appeal, but that request was denied by the Third Circuit. A non-jury trial was then held and the court determined that while plaintiffs were not entitled to both a retirement and a profit sharing benefit as they claimed, the benefits to which they were entitled should be recalculated using a higher rate of interest than that provided in the defined benefit plan. Plaintiffs then appealed the district court's grant of summary judgment on most of their claims on the basis of the statute of limitations and defendant Meridian cross-appealed Judge Cahn's non-jury decision. The Third Circuit, in an opinion dated September 8, 1995, affirmed the grant of summary judgment but reversed the district court's finding that there had been a continuing violation of ERISA such that the statute of limitations did not apply to plain-

tiffs' claims as to the amount of their pension checks received between 1989 and 1992. Instead, the Third Circuit concluded that these claims were also time-barred under § 1113 of ERISA and reversed and remanded to the district court with directions to enter judgment in favor of defendants on all counts of plaintiffs' complaint. In so ordering, the Third Circuit further found plaintiffs' allegations that the bank(s) had "embezzled" their money to be patently false. (Slip Op., at p. 4).

The Third Circuit's decision did not end the prior action, however. After having moved for and been denied reconsideration by the Third Circuit, plaintiffs next moved to nevertheless compel the trustees to pay them benefits and to pay attorneys' fees as provided in the now-reversed order of the district court. They also sought leave to file a "supplemental complaint." These motions were naturally both denied. Plaintiffs moved the district court to reconsider its decision denying these motions, which was also denied and they thereafter took a second appeal to the Third Circuit. In addition to summarily affirming the district court's denial of the motions to compel payments and to amend the complaint, on August 14, 1997 the Third Circuit sanctioned plaintiffs' attorney for causing defendant excessive costs and expenses pursuant to 28 U.S.C. § 1927. In view of this history, it is difficult to conceive of a case that has been more fully and finally litigated.

Finally and as noted above, the claims set forth in this case are virtually identical to and arise out of the same set of alleged facts and circumstances as those raised in the '92 action. Plaintiff, in fact, acknowledges this in paragraphs 22–26 of her complaint. However, in an effort to circumvent the application of res judicata, plaintiff appears to argue that because her claims in the prior action were found to be barred by the statute of limitations, they were never fully adjudicated on the merits. Plaintiff also avers that since the assets in the plan would by now have increased to more than $35,000,000, the defendant bank is still using this money "...for its own purposes at this instant, as it did one minute ago, one week, one month or one or three years ago." Thus, argues plain-

tiff, "no statute of limitations, and no rule against laches, can bar seeking a remedy in an action brought so promptly as this." (Pl's Complaint, ¶ 22(b)).

We find plaintiff's position to have no merit whatsoever. Indeed, the Third Circuit recently had occasion to consider such a continuing harm argument in *Huck on Behalf of Sea Air Shuttle Corp. v. Dawson*, 106 F.3d 45 (3rd Cir.1997). In that action, following the entry of summary judgment in an antitrust action which arose out of the Virgin Islands Port Authority's refusal to permit Sea Air Shuttle Corp. to use its sea plane ramps plaintiff, a Sea Air shareholder, brought a derivative action on behalf of the Corporation raising the same claims as those which had previously been dismissed. Plaintiff asserted that the continued denial of access to the ramps, although fully in compliance with the district court's judgment, created a new cause of action for liability and thus the derivative action was not barred by *res judicata*.

In flatly rejecting this argument, the Third Circuit noted that this was not a case where there had been a change of circumstances concerning material operative facts but instead was one whereby the same facts that resulted in the earlier judgment had caused continued damage. While plaintiff contended there were issues in the second action which were not fully litigated in the first, those issues could have been raised but were not. Thus, since the derivative action arose from the same core of operative facts and circumstances as the earlier suit and given the undisputed privity between the parties in both suits, *res judicata* was properly applied to bar the second action. *See*, 106 F.3d at 49–51. Insofar as there also exist identity of parties, facts, claims and potential claims in the instant case and continued harm does not give rise to a new cause of action, we also conclude that *res judicata* operates to bar this action and that it is properly dismissed on this basis.

In addition to requesting dismissal of the plaintiff's complaint, CoreStates asks that this Court sanction both plaintiff and her counsel pursuant to Fed.R.Civ.P. 11 for their re-filing of the same claims which had previ-

ously been dismissed. Specifically, defendant seeks a court order directing that plaintiff and her attorney pay defendant's counsel fees and costs and permanently enjoining them from filing any further actions arising out of or relating to the facts and claims asserted here and in the prior lawsuit.

In essence, Rule 11 provides that, in filing a pleading, motion or other paper with the court, an attorney or party has certified that to the best of his or her knowledge, the pleading, etc. has not been presented for any improper purpose (such as to harass, delay or impose unnecessary costs), that the claims, defenses, etc. contained therein have evidentiary support and are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law. Fed.R.Civ.P. 11(b)(1)–(4). If, however, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may impose an appropriate sanction upon the attorney(s), party(ies) or law firm(s) that are responsible for the violation. Fed. R.Civ.P. 11(c).

■ The purpose of Rule 11 is to deter plaintiffs and defendants from filing papers in court which lack factual or legal support in order to save innocent parties and the courts from dealing with frivolous lawsuits. *Temple v. WISAP USA in Texas*, 152 F.R.D. 591, 600 (D.Neb.1993). Mistaken judgment, ignorance of the law, or personal belief with regard to what the law should be do not provide the attorney with an excuse or defense if the lawyer who signed the pleading failed to make a reasonable inquiry into the facts and law supporting the pleading before it is filed. *Id.* Thus, the principal goal of Rule 11 sanctions is deterrence with compensation being a secondary goal. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir.1992). Since its amendment in 1993, the decision whether to issue sanctions under the rule rest within the court's discretion. *Anyanwu v. Columbia Broadcasting System, Inc.*, 887 F.Supp. 690, 694 (S.D.N.Y.1995); *Clapp v. LeBoeuf, Lamb, Leiby & MacRae*, 862 F.Supp. 1050, 1062 (S.D.N.Y.1994), both citing *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir.1994). As a result, the 1993 amendments

are viewed to discourage imposition of monetary and other sanctions under the Rule where conduct does not reach the point of clear abuse. *Anyanwu*, at 694.

■ In application of all of the foregoing, we find that plaintiff and her counsel have come perilously close to a blatant violation of Rule 11. Nevertheless, we shall exercise our discretion and defer the imposition of the requested sanctions at this time and on the basis of the existing record. In so holding, however, we strongly caution plaintiff and her attorney against the institution of any future lawsuits or motions by which she tries to again resurrect the claims and contentions asserted both in this action and in the preceding one. While we do not doubt the sincerity of plaintiff's belief that her claims are viable and were not previously litigated, we remind her and her counsel that mistaken judgment, ignorance of the law, or personal belief with regard to what the law should be do not excuse and will not provide a defense to a subsequent sanctions motion. Thus, should plaintiff and/or her attorney again file any such pleadings or motions in the future, a motion for appropriate sanctions and an injunction will be gladly entertained at that time.

An order follows.

### ORDER

AND NOW, this 20th day of March, 1998, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint and for Sanctions and Plaintiff's Response thereto, and it appearing to the Court that this action is barred by the doctrine of *Res Judicata*, it is hereby ORDERED that the Motion to Dismiss is GRANTED, the Motion for Sanctions is DENIED and Plaintiff's Complaint is DISMISSED with prejudice.