■ LENORA B. FULANI, Appellant, v NEW YORK TIMES COMPANY et al., Respondents. [686 NYS2d 703] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 10, 1998, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiff, concededly a public figure, claims that she was defamed by the subject newspaper article, which, after identifying her as a coordinator of the Independence Party's candidate's then ongoing campaign for a local public office, described her

as "of the New Alliance Party [NAP], a political group that has been accused by former members of acting like a cult". The statement that plaintiff was "of the NAP" was not defamatory, even assuming that defendants knew that the NAP was dissolved two years earlier, since the statement's "gist" or "sting", i.e., that plaintiff was currently a member of the NAP, could not have had a different or worse effect on the mind of a reasonable reader than the truth, i.e., that plaintiff was a longtime member, ex-chair and two-time Presidential candidate of the now defunct NAP (see, Masson v New Yorker Mag., 501 US 496, 517; Jewell v NYP Holdings, 23 F Supp 2d 348, 366). Nor could a reasonable reader have understood the statement attributed to former NAP members that NAP was a cult-like group to be "of and concerning plaintiff". While plaintiff was described as "of the NAP", the words "acting like a cult" refer to the NAP, not to plaintiff, who is not in any manner distinguished from any other members of that group (see, Provisional Govt. v American Broadcasting Cos., 609 F Supp 104, 108; Anyanwu v Columbia Broadcasting Sys., 887 F Supp 690, 692-693, citing, inter alia, Gross v Cantor, 270 NY 93). Concur—Rosenberger, J. P., Mazzarelli, Andrias and Saxe, JJ.