# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1413**
**CA 11-01218**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

KAREN STROUP, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

CHARLES NAZZARO AND SARAH NAZZARO,
DEFENDANTS-RESPONDENTS.

---

HOGAN WILLIG, AMHERST (STEVEN M. COHEN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BRAUTIGAM & BRAUTIGAM, LLP, FREDONIA (DARYL P. BRAUTIGAM OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered September 14, 2010.  The order granted
the motion of defendants for summary judgment dismissing the
complaint.

It is hereby ORDERED that the order so appealed from is affirmed
without costs.

Memorandum:  Plaintiff commenced this action seeking, inter alia,
damages for allegedly defamatory statements made by then 13-year-old
Sarah Nazzaro (defendant) and her father, defendant Charles Nazzaro
(hereafter, father), who is sued individually and as parent and
natural guardian of defendant.  Those statements were made in
connection with an incident that occurred during a return bus ride
from a gymnastics meet.  Supreme Court granted defendants' motion
seeking summary judgment dismissing the complaint.  We affirm.

We reject plaintiff's contention that the court erred in granting
that part of the motion with respect to the cause of action for
defamation per se.  In determining whether defendant's statement
during the incident is actionable, the statement must be "considered
in its applicable context" (*Gross v New York Times Co.*, 82 NY2d 146,
155) and "in terms of [its] effect upon the average listener" (*Park v
Capital Cities Communications*, 181 AD2d 192, 195, *appeal dismissed* 80
NY2d 1022, *lv dismissed in part and denied in part* 81 NY2d 879).
Defendant's statement that plaintiff was an "abuser," viewed in the
context of the heated incident on the bus, "amounted to no more than
name-calling or a general insult, a type of epithet not to be taken
literally and not deemed injurious to reputation" (*DePuy v St. John
Fisher Coll.*, 129 AD2d 972, 973, *lv denied* 70 NY2d 602; *see Ram v
Moritt*, 205 AD2d 516).

The court properly determined that the statements made by the father in connection with the investigation of the incident are protected by a qualified privilege (*see Mancuso v Allergy Assoc. of Rochester*, 70 AD3d 1499, 1500-1501). We further conclude that defendant's statements to school officials and the police about what transpired during the incident on the bus are similarly protected by a qualified privilege, and plaintiff failed to raise a triable issue of fact whether those statements of defendant and her father were motivated solely by malice (*see id*.). In addition, defendants established that defendant made no further statements about the incident at school, and plaintiff's submissions in opposition to the motion are based upon hearsay and thus insufficient to raise a triable issue of fact (*see Scaccia v Dolch*, 231 AD2d 885).

Finally, we note that plaintiff does not contend in her brief that the court erred in granting those parts of defendants' motion seeking summary judgment dismissing the remaining causes of action, and we therefore deem abandoned any issues with respect thereto (*see Ciesinski v Town of Aurora*, 202 AD2d 984).

All concur except CARNI, J., who dissents in part and votes to modify in accordance with the following Memorandum: I respectfully disagree with the conclusion of my colleagues that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint in its entirety. Inasmuch as I conclude that there are questions of fact whether Sarah Nazzaro (defendant) uttered words concerning plaintiff that are either defamatory per se or susceptible of a defamatory meaning, I dissent in part and would modify the order by denying that part of the motion for summary judgment dismissing the cause of action for defamation per se against defendant and defendant Charles Nazzaro, as parent and natural guardian of defendant (hereafter, father).

In October 2007, plaintiff was employed as a physical education teacher and varsity girls gymnastics coach by the Jamestown City School District (School District). Plaintiff also owned and operated a gymnastics instructional business. Defendant was in the seventh grade and was a member of the varsity gymnastics team. During a return bus ride from a gymnastics meet, plaintiff, in her capacity as gymnastics coach, had a dispute with defendant in the presence of the team concerning defendant's performance and behavior at the meet. The parties sharply dispute whether plaintiff attempted to pull defendant out of her seat to make her sit in the front of the bus. Plaintiff testified at her deposition that she tripped on the rubber matting on the floor of the bus and fell forward, landing partially on the seat occupied by defendant and partially on defendant herself. Although defendant initially reported to the police that plaintiff attempted to "choke" her during the incident, she later testified at her deposition that such conduct did not occur. Defendant admitted, however, that she called plaintiff a "f*** abuser" in the presence of the team during the incident. One member of the team that witnessed the incident testified at her deposition that defendant called plaintiff a "child abuser."

As a result of defendant's statements and allegations, the School District filed a report of suspected child abuse with law enforcement authorities.  Plaintiff was suspended from her employment for approximately six months and a criminal investigation ensued, although no criminal charges were ever brought against plaintiff.  Plaintiff retired from teaching, as she had previously planned, at the end of the 2007-2008 school year.  She thereafter commenced this action seeking, inter alia, damages for the alleged false and defamatory words, i.e., "child abuser," allegedly spoken by defendant in the presence of the gymnastics team.  The complaint includes a cause of action alleging that the words "child abuser" constitute defamation per se.

Initially, I cannot agree with the majority's decision to affirm that part of the order granting the motion with respect to the cause of action for defamation per se against defendant and her father in his parental capacity, inasmuch as I conclude that there is a question of fact whether defendant called plaintiff a "f*** abuser" or a "child abuser."

Further, even if the jury accepts defendant's version of the words spoken, I conclude that the word "abuser," spoken in the educational setting and context and directed at a high school athletic coach, is susceptible of the defamatory interpretation that plaintiff presents a risk of harm to her students and athletes (*see Wilcox v Newark Val. Cent. School Dist*., 74 AD3d 1558, 1561).  At the very least, if the words are susceptible of several interpretations, a question for the jury is presented (*see Rovira v Boget*, 240 NY 314, 316; *Rozanski v Fitch*, 134 AD2d 944, 945, *appeal dismissed* 70 NY2d 1002).

Alternatively, the phrase "child abuser" "has a precise meaning that is capable of being proven true or false" (*Rabushka v Marks*, 229 AD2d 899, 902; *see generally 600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 142, *rearg denied* 81 NY2d 759, *cert denied* 508 US 910).  In the educational setting, it imputes one or more of the following specific acts to an individual:  "(a) intentionally or recklessly inflicting physical injury, serious physical injury or death, or (b) intentionally or recklessly engaging in conduct which creates a substantial risk of such physical injury, serious physical injury or death, or (c) any child sexual abuse as defined in [Education Law § 1125], or (d) the commission or attempted commission against a child of the crime of disseminating indecent materials to minors pursuant to [Penal Law article 235]" (Education Law § 1125 [1]).  Indeed, the School District conducted a "child abuse" investigation concerning the incident pursuant to Education Law article 23-B, titled "Child Abuse in an Educational Setting."  During that investigation, plaintiff was suspended from her employment.  Moreover, the phrase "child abuser" also imputes criminal conduct to plaintiff and charges plaintiff with one or more crimes that are undoubtedly "serious" (*Liberman v Gelstein*, 80 NY2d 429, 435).  Because the phrase "child abuser" charges plaintiff with a serious crime or tends to injure plaintiff in her trade, business or profession, "the law presumes that [special] damages will result, and they need not be alleged or proven" (*id.* at

434-435).

Therefore, I would modify the order by denying that part of defendants' motion seeking summary judgment dismissing the cause of action for defamation per se against defendant and her father in his parental capacity.

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court