Linda LAMAR, Plaintiff,

v.

NYNEX SERVICE COMPANY,
Defendant.

No. 92 Civ. 1012 (WK).

United States District Court,
S.D. New York.

July 11, 1995.

Linda Lamar, Freeport, NY, pro se.

Michael Hertzberg, New York City, for Nynex Service Co.

Carl Rachlin, O'Donnell, Schwartz, Glanstein & Rosen, New York City, for CWA Local 1105.

### MEMORANDUM AND ORDER

WHITMAN KNAPP, Senior District Judge.

In this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, plaintiff Linda LaMar ("plaintiff"), a woman, alleges that she was sexually harassed by her female supervisor, Elaine Mangiero ("Mangiero"), while she was employed by defendant NYNEX Service Company ("defendant"), now known as Telesector Resources Group, Inc. Defendant now moves for summary judgment and, for the reasons discussed below, we grant it.

### Statement of Facts

The uncontested facts are as follows: Plaintiff began her employment with defendant in 1982. From October 1988 until February 1992, she worked as a Staff General Clerk in defendant's Installation and Maintenance Office. During that time, plaintiff reported directly to Mangiero, the Executive Secretary, who also supervised two other female employees.

In her complaint, plaintiff bases her sexual harassment claim upon five incidents which defendant does not dispute took place. The first incident occurred in January 1990. On a day when plaintiff came to the office more nicely dressed than usual, Mangiero grasped her hand to admire her rings and told her that she "looked really hot." Def.Exh. G. at 44.

Plaintiff further states that, on four occasions between September 1990 and May 1991, Mangiero made what plaintiff considered to be vulgar sexual remarks to groups of employees. In one of these incidents, in April 1990, Mangiero and a female co-worker also displayed a sexually revealing garment to several male and female employees within the office, although they never showed it directly to plaintiff. Finally, plaintiff contends that Mangiero often stared at her in a hostile manner and behaved abusively toward her.

With respect to all of these incidents of alleged sexual harassment, plaintiff concedes that she never uttered objections to Mangiero or to any other supervisor during the period in which they were taking place. Plaintiff further attests that Mangiero's remarks were made in the presence of several people, were not addressed specifically to her, and were uttered in an atmosphere of general sexual banter. When asked in her deposition whether she believed Mangiero wanted to have a sexual relationship with her, plaintiff responded, "No, that I never did form in my mind." *Id.* at 86.

### Discussion

In the absence of any factual dispute between the parties, the issue is whether, drawing all reasonable inferences in favor of the plaintiff, the complaint states a valid claim for sexual harassment. We find that it does not.

■ Sexual discrimination which establishes a "hostile or abusive work environment" constitutes a violation of Title VII even if it is not linked to the grant or the denial of an economic *quid pro quo. See Meritor Savings Bank v. Vinson* (1986) 477 U.S. 57, 66, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49. "For sexual harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment,' and create an abusive working environment." *Id.* at 67, 106 S.Ct. at 2405, quoting *Henson v. Dundee* (11th Cir.1982) 682 F.2d 897, 902.

■ In this case, then, plaintiff must show that Mangiero's behavior was so severe and pervasive as to create an abusive work environment. On the first issue—severity—plaintiff must allege more than "relatively innocuous incidences" of overbearing or provocative behavior. *Christoforou v. Ryder Truck Rental, Inc.* (S.D.N.Y.1982) 668 F.Supp. 294, 303. *See also Buddle v. Heublein, Inc.* (S.D.N.Y.1985) 613 F.Supp. 491, 492. In the case at bar, the only sexual behavior plaintiff contends that Mangiero directed specifically toward her was touching her hand, saying that she looked "hot," and staring at her. Accordingly, the conduct plaintiff describes is too mild and innocuous to constitute sexual harassment as a matter of law.

■ On the second issue—pervasiveness—the Second Circuit has held that "[t]he incidents must be repeated and continuous; isolated acts or occasional episodes will not merit relief." *Carrero v. New York City Housing Authority* (2d Cir.1989) 890 F.2d 569, 577. *See also Meritor Savings Bank v. Vinson* (1986) 477 U.S. 57, 67, 106 S.Ct. at 2405–06. In *Christoforou v. Ryder Truck Rental, Inc.* (S.D.N.Y.1982) 668 F.Supp. 294, 303, the Court found that three incidents of sexual harassment over the course of approximately one year and a half lacked sufficient frequency to represent a "hostile working environment." In the case at bar, plaintiff is able to claim no more than five incidents of an allegedly sexual nature over the course of approximately seventeen months. Consequently, the events she relies upon were too sporadic to constitute sexual harassment as a matter of law.

### Conclusion

Plaintiff's claims for sexual harassment consist of incidents too mild and infrequent to constitute sexual harassment as a matter of law. Accordingly, we grant defendant's motion for summary judgment.

SO ORDERED.