**Noreen DAYES, Plaintiff–Appellant,**

v.

**PACE UNIVERSITY and Victor Jabar a/k/a Abdul Jabar, individually and as Director of Buildings and Grounds of Pace University, Defendants–Appellees.**

No. 00–7641.

United States Court of Appeals, Second Circuit.

Feb. 5, 2001.

Etta Ibok, New York, NY, for appellant.

Robert N. Holtzman, Kramer Levin Naftalis & Frankel LLP; Kevin B. Leblang, Susan R. Kohn, of counsel, New York, NY, for appellees.

Present STRAUB, POOLER and SACK, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Noreen Dayes appeals from an order of the District Court of the Southern District of New York (William H. Pauley, *Judge*) granting summary judgment in favor of defendants Pace University and Victor Jabar and dismissing her complaint that alleged sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964.[1] On appeal, Dayes argues that the District Court impermissibly resolved issues of fact in favor of the defendants, ignored the context within which Defendant Appellee Jabar's comments were made, and thereby improperly granted summary judgment in favor of Jabar. She also contends that the District Court improperly resolved issues of fact in determining that she failed to generate a triable issue in her retaliation claim against both Jabar and Pace University.

Familiarity with the detailed factual background of this case is presumed; we sketch here only those incidents that are pertinent to our disposition of this case. Dayes contends that her supervisor, Jabar, subjected her to sexually offensive conduct and behavior. Specifically, she contends that (1) Jabar shouted at her but did not treat male employees in a similar fashion; (2) Jabar asked her to go out for drinks with him after work; (3) Jabar offered that she could have lunch in the faculty dining room and that he would pay for it; (4) Jabar suggested that they could open a store together; (5) Jabar offered to drive her to work in the morning and drop her at home in the evening; (6) Jabar asked her whether she wanted to marry a co-worker and acted like a "jealous husband;" (7) Jabar stated that they could have spent

---

1. We note initially that Dayes's complaint alleged violations under Title VII and under local law, specifically under New York Executive Law § 296 and New York City Administrative Code §§ 8–107 and 8–502. Dayes also brought a separate claim for negligent supervision, but consented to a dismissal with prejudice of that claim before the defendants moved for summary judgment. The District Court gave no indication in its opinion whether it dismissed the pendant state law claims but issued a final judgment closing the case on March 29, 2000. As we have previously noted, New York courts require the same standard of proof for claims brought under its Human Rights Law as for those brought under Title VII. *See, e.g., Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 714–15 & n. 6 (2d Cir.1996). Presumably, the District Court either intended that its reasoning under Title VII would also apply to the claims brought under New York law or intended to dismiss the state law claims once it dismissed those claims providing the basis for federal jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Given that the record remains unclear as to whether and how Dayes's state law claims were disposed by the District Court, we remand to the District Court so that it may clarify whether it intends to exercise supplemental jurisdiction over the state law claims or whether it intends to dismiss them so that they may be pursued in state court. *See Vona v. County of Niagara,* 119 F.3d 201, 210 (2d Cir.1997).

District courts would be well advised to specify on the record the basis for disposition of all claims in order to aid this Court in determining whether appellate jurisdiction exists. Because the New York courts have not yet addressed the applicability of the affirmative defenses established in *Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) and *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), it seems likely the District Court intended to dismiss Dayes's state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Seabrook v. Jacobson,* 153 F.3d 70, 72 (2d Cir.1998) (cautioning that claims involving novel questions of state law are best dismissed if the federal claim upon which the state claim hangs has been dismissed).

a weekend in Florida together because they were both in Florida at the same time; (8) Jabar stared at her with a smirk on his face; (9) Jabar suggested that she dressed up because their department head was visiting; (10) Jabar commented on the split in her skirt and that he liked the way she crossed her legs; (11) Jabar, observing that he was her boss even though he did not have an education and she had a M.B.A., told her that she needed "to learn to play the game;" and (12) Jabar, on one occasion, pulled his chair close to hers, placed his hand on her back and stated "Does sitting too close to you make you uncomfortable?"[2]

▆▆▆ To establish a hostile work environment claim, a plaintiff must prove both that the workplace was "permeated with 'discriminatory intimidation, ridicule, and insult ... that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,'" *Howley v.. Town of Stratford*, 217 F.3d 141, 153 (2d Cir. 2000) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)) and that "a specific basis exists for imputing the conduct that created the hostile environment to the employer," *id.* at 154 (internal quotation marks omitted). Generally a plaintiff must demonstrate "either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir.2000) (internal quotation marks omitted) (finding that supervisor's repeated comments that women should be barefoot and pregnant, his

physically threatening nature of backing plaintiff into a wall while speaking to her, and his laughing or ignoring plaintiff when she complained stated a triable issue of fact defeating summary judgment). The District Court found, and we agree, that the "handful of comments that plaintiff describes are interspersed over a one-year period and uniformly mild in tone." *Dayes v. Pace Univ.*, No. 98 CIV 3675(WHP), 2000 WL 307382, at * 4 (S.D.N.Y. Mar. 24, 2000). Considering the totality of the circumstances and construing all permissible inferences in Dayes's favor, Jabar's comments and behavior, although boorish and inappropriate, simply do not rise to the level of behavior necessary for a jury reasonably to conclude that they were sufficiently severe or pervasive to alter the condition of Dayes's employment. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768 (2d Cir.1998) (affirming grant of summary judgment when supervisor made an explicitly sexual remark and deliberately touched the plaintiff's breast with papers he was holding); *Lamar v. Nynex Serv. Co.*, 891 F.Supp. 184, 185 (S.D.N.Y.1995) (granting summary judgment and finding that conduct such as touching plaintiff's hand, saying that she looked "hot," and staring at her is too mild and innocuous to constitute sexual harassment).

▆▆▆ Dayes next asserts that the District Court impermissibly resolved an issue of fact, namely the timing of when Jabar learned of Dayes's complaints against him, and therefore improperly granted summary judgment in favor of

---

**2.** Dayes contends that a co-worker, Edward MacGrath, sexually harassed her as well. However, in her Local Rule 56.1 Statement, she failed to allege any specific behavior or comments by MacGrath. In responding to a motion for summary judgment, the non-moving party must point to specific facts demonstrating a genuine issue of material fact for trial. Fed.R.Civ.P. 56(e). Having failed to do so below, she may not raise a claim regarding MacGrath here.

the defendants on her retaliation claim.[3] According to the record, Dayes first complained to Dennis MacDougall, the Director of Physical Plant and Jabar's supervisor, about Jabar in March 1996. She spoke with MacDougall about Jabar's shouting, his habit of asking inappropriate personal questions, and other behavior. She also left a detailed message for MacDougall regarding Jabar on April 10, 1996. In response, MacDougall spoke with Jabar about his alleged misconduct, including the incident in which Jabar put his hand on her back, and told Jabar to "give her some space or distance himself somewhat from her." Dayes also spoke with Dionne Brown from Pace's Human Resources Department at some point between July 1996 and February 1997 and complained that she was being sexually harassed by Jabar. After her meetings with MacDougall and Brown, Dayes experienced no further incidents of alleged sexual harassment. On July 24, 1996 Jabar gave Dayes a positive year-end performance evaluation, rating her work as "Exceeds Requirements" in ten out of 14 categories. In September 1997, however, Jabar rated her performance lower, giving her an average score of 2.6 with a score of "3" corresponding to a finding of "competent" and a 2 as a score of "fair," further defined as falling "short of established expectations." The only admissible evidence to establish the timing of when Jabar learned of Dayes's complaint to which Dayes points is Jabar's statement that the first time he "learned about the complaint is when I received a call from the university counsel . . . [i]t was in 1997, I believe in October." This date is after Jabar wrote the allegedly negative performance evaluation.

To establish a *prima facie* case of retaliation, the plaintiff must show participation in a protected activity known to the defendant, an employment action disadvantaging her, and a causal connection between the protected activity and the adverse employment action. *Holt v. KMI–Continental, Inc.*, 95 F.3d 123, 130 (2d Cir.1996). A plaintiff may establish a causal connection between the protected activity and the adverse employment action either through direct evidence of a retaliatory animus or indirectly through evidence, for example, of the close proximity in time of the two events. *See Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir.2000). As the District Court correctly concluded, the inordinate amount of time between her complaint about Jabar's conduct and his negative review, especially given his intervening positive review, defeats Dayes's attempt to establish a causal connection between the two events. *See, e.g., Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85–86 (2d Cir.1990) (finding that three and one-half month interval, without other evidence, is insufficient to demonstrate casual nexus and defeat motion for summary judgment), *limited on other grounds by Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir.2000); *Adeniji v. Administration for Children Serv., NYC*, 43 F.Supp.2d 407, 433 (S.D.N.Y.1999), *aff'd*, 201 F.3d 430 (2d Cir. 1999). While Dayes offered some evidence purporting to show a retaliatory animus, such evidence was both minimal and ambiguous, and in light of the overall record, insufficient to create a genuine issue of fact. Granting summary judgment on her retaliation claim was therefore proper.

Because we agree with the District Court that the conduct alleged was not

---

**3.** Although Dayes alleged other instances of retaliation below, on appeal she disputes only the District Court's ruling as to Jabar's issu-

ing of an unsatisfactory performance evaluation.

sufficiently severe or pervasive to alter the terms and conditions of Dayes's employment, we need not reach the issue of whether the New York courts would apply the affirmative defenses established in *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) to cases involving the liability of an alleged harasser in his individual capacity under New York's Human Rights Laws.

For the reasons set forth above, we AFFIRM the judgment of the District Court. As stated above, we remand to the District Court to clarify whether it intends to exercise supplemental jurisdiction over Dayes's state law claims.