■ CHRISTINE BALIVA et al., Appellants, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Respondents. (Appeal No. 1.) [730 NYS2d 920] —Order unanimously affirmed without costs. Same Memorandum as in *Baliva v State Farm Mut. Auto. Ins. Co.* (286 AD2d 948 [decided herewith]). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Discovery.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.

■ CHRISTINE BALIVA et al., Appellants, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Respondents. (Appeal No. 2.) [730 NYS2d 655] —Order unanimously affirmed without costs. Memorandum: Christine Baliva (plaintiff) began her employment with defendant State Farm Mutual Automobile Insurance Company (State Farm) on February 17, 1997. On March 5, 1997, she was assigned to work for defendant Max J. Van Benschoten on a temporary basis. Plaintiff collapsed at work on March 14, 1997, was taken to the hospital and was eventually terminated when her unpaid sick leave expired in September. At the time she was medically unable to return to work. Plaintiffs commenced this action alleging, *inter alia,* in an amended complaint that Van Benschoten sexually harassed plaintiff and that State Farm "permitted, condoned * * * and ratified" Van Benschoten's behavior. Specifically, plaintiff alleged that Van Benschoten, over a period of approximately 10 days, may have touched plaintiff's shoulder several times, screamed at plaintiff about work, invaded her personal space, made one comment with respect to sexual orientation and glanced at her in a sexual manner "one or two" times.

During the discovery process, plaintiffs moved for disclosure of records regarding payments made by State Farm to prospective expert witnesses. Supreme Court properly limited that discovery to information regarding the amount paid to defendants' experts in connection with services rendered in this case. "It is well settled that the court has broad discretion over the discovery process" (*Baliva v State Farm Mut. Auto. Ins. Co.,* 275 AD2d 1030, 1031; *see generally, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406), and here the court did not abuse its discretion in denying that part of plaintiffs' motion seeking financial records unrelated to the instant litigation. Records regarding previous unrelated payments to experts con-

stitute material that is "irrelevant and immaterial to the underlying facts at issue in the case" (*Fazio v Federal Express Corp.*, 272 AD2d 259, 260) and is sought solely for the purpose of "gaining information to impeach the general credibility of [the experts]" (*Pernice v Devora*, 238 AD2d 558, 559; *see, Fazio v Federal Express Corp., supra,* at 260).

We further conclude that the court properly granted defendants' motions seeking summary judgment dismissing the amended complaint. Viewing the evidence in the light most favorable to plaintiffs (*see, Dix v Pines Hotel*, 188 AD2d 1007), we conclude that the conduct complained of does not rise to the level contemplated by Executive Law § 296 (*see, e.g., Lucas v South Nassau Communities Hosp.*, 54 F Supp 2d 141, 147-149 [ED NY]; *Lamar v NYNEX Serv. Co.*, 891 F Supp 184, 185 [SD NY]). Thus, defendants are entitled to summary judgment dismissing the cause of action alleging Van Benschoten's sexual harassment of plaintiff with State Farm's knowledge and condonation. In order to establish a hostile work environment, plaintiffs must establish that the conduct complained of was "severe or pervasive" (*Harris v Forklift Sys.*, 510 US 17, 21) and was based on plaintiff's gender, not plaintiff's sexual activity, liaisons or attractions (*see, Mauro v Orville*, 259 AD2d 89, 92, *lv denied* 94 NY2d 759). "Harmless body contact of an inadvertent non-sexual nature falls outside the broadest parameters of sexual harassment" (*Lucas v South Nassau Communities Hosp., supra,* at 147) and, "[g]enerally, isolated remarks or occasional episodes of harassment will not support a finding of a hostile or abusive work environment" (*Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 51, *lv denied* 89 NY2d 809).

We further conclude that the alleged conduct of Van Benschoten and State Farm is insufficient as a matter of law to support the cause of action alleging intentional infliction of emotional distress (*see, Foley v Mobil Chem. Co.*, 214 AD2d 1003, 1005; *see also, Jaffe v National League for Nursing*, 222 AD2d 233). In addition, such a cause of action does not lie where, as here, " 'the conduct complained of *falls well within* the ambit of other traditional tort liability' [emphasis supplied]" (*Sweeney v Prisoners' Legal Servs.*, 146 AD2d 1, 7, *lv dismissed* 74 NY2d 842, quoting *Fischer v Maloney*, 43 NY2d 553, 558; *see, McIntyre v Manhattan Ford, Lincoln-Mercury*, 256 AD2d 269, 270, *appeal dismissed* 93 NY2d 919, *lv denied* 94 NY2d 753; *see also, Rozanski v Fitch*, 113 AD2d 1010; *cf., Murphy v ERA United Realty*, 251 AD2d 469, 473-474).

With respect to the cause of action for retaliatory termina-

tion, defendants established a "legitimate, non-retaliatory" reason for plaintiff's termination and plaintiffs failed to raise a triable issue of fact whether the reason for the termination was pretextual (*Quinn v Green Tree Credit Corp.*, 159 F3d 759, 768; *see, Pace v Ogden Servs. Corp.*, 257 AD2d 101, 104). Plaintiffs failed to brief any issues with respect to the court's dismissal of the third, fourth and sixth causes of action and therefore have abandoned those issues (*see, Ciesinski v Town of Aurora*, 202 AD2d 984). Based on our resolution of defendants' motions seeking summary judgment, there is no need to address the contention of plaintiffs that the court erred in denying their cross motion seeking summary judgment striking defendants' affirmative defenses. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.