**J. MARLEY, Plaintiff–Appellant,**

v.

**Juliette IBELLI & Cordelia Rose, United States of America, Defendants–Appellees.**

**Docket No. 01–6255.**

United States Court of Appeals, Second Circuit.

Dec. 16, 2002.

Robert F. D'Emilia, New York, NY, for Appellant.

Andrew D. O'Toole, Assistant United States Attorney for the Southern District of New York, New York, NY, for Appellees.

Present: NEWMAN, F.I. PARKER, Circuit Judges, and UNDERHILL,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant J. Craig Marley appeals from the district court's October 31, 2001 judgment granting the motion of defendants-appellees Juliette Ibelli and Cordelia Rose to substitute defendant-appellee the United States as the named defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and, following substitution, to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. The district court also dismissed Marley's cross-motions for remand, for leave to file a second amended complaint, for recusal of Judge Buchwald, and for sanctions. Marley challenges: 1) the substitution of the United States as defendant and subsequent dismissal of Marley's assault, battery, and tortious interference with contractual rights claims pursuant to the FTCA; 2) the dismissal of his intentional infliction of emotional distress ("IIED") claim for failure to state a claim; and 3) the denial of all four of his cross-motions. Finding no error in the district court's rulings, we affirm.

This case is the result of a dispute between Marley, formerly an employee of the Smithsonian Institution, and two of his co-workers (one of whom was also his supervisor). Marley alleges that defendants Ibelli and Rose physically and mentally assaulted him in a campaign of harassment because he is an effeminate male. Marley alleges that: 1) on multiple occasions, Ibelli's sweater hit Marley on the head or shoulders as Ibelli walked behind Marley's chair; 2) when Rose sat at a workstation right next to Marley's, over the course of the day her right hand or arm sometimes brushed up against Marley; 3) Ibelli slammed the office door and once slammed a book down on the counter next to Marley; and 4) Rose once followed Marley down the hall and stood outside the men's bathroom (where Marley had taken refuge) shouting at him. Marley alleges that Ibelli and Rose acted intentionally and tailored their conduct to exploit his known sensitivities.

█ Marley first argues that Rose and Ibelli were not acting within the scope of their employment, and therefore the District Court erred by substituting the United States as the defendant pursuant to the FTCA. Marley also argues that the district court erred by failing to conduct an evidentiary hearing on the scope of employment issue. The Federal Tort Claims Act provides that, in a tort action against a federal employee, the United States is substituted as defendant if the Attorney General certifies that the employee was acting within the scope of his or her employment. *McHugh v. University of Vermont*, 966 F.2d 67, 70 (2d Cir.1992) (citing 28 U.S.C. § 2679). The district court may review such a certification de novo if the plaintiff "allege[s] with particularity facts relevant to the scope-of-employment issue." *Id.* at 74. Therefore, in order to overturn the scope of employment certification, Marley, at the very least, had to "allege with particularity" facts supporting his claim that physical contact that would normally appear incidental in such cramped office space as these parties

* The Honorable Stefan R. Underhill, United States District Court Judge for the District of Connecticut, sitting by designation.

shared (*e.g.*, Ibelli's sweater hitting Marley as she walked behind his desk, or Rose's arm touching Marley while she was working at an adjacent workstation) was in fact intentional. However, the only evidence that Marley proffers is his subjective belief that the conduct was intentional and motivated by unlawful bias. This is simply not enough. Because we conclude that substitution was proper, we affirm the district court's dismissal of Marley's assault, battery, and tortious interference with contractual rights claims. *See* 28 U.S.C. § 2680(h).

■ Next, Marley challenges the district court's dismissal of his IIED claim. New York law allows recovery on an IIED claim only "where the conduct [was] so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 303, 448 N.E.2d 86, 90, 461 N.Y.S.2d 232, 236 (1983). The district court concluded that "even regarded in the light most favorable to [Marley] and without challenging the sincerity of [Marley's] distress, [the alleged conduct] simply does not meet this standard." We find no error in this conclusion. *See, e.g., Baliva v. State Farm Mut. Auto. Ins. Co.*, 286 A.D.2d 953, 730 N.Y.S.2d 655 (4th Dep't 2001) (affirming dismissal of IIED claim in sexual harassment case where male supervisor touched female plaintiff's shoulder several times, screamed at her about her work, invaded her personal space, made a comment about sexual orientation, and glanced at her in a sexual manner).

Finally, Marley argues that district court erred by denying his motions seeking leave to amend his complaint, recusal of Judge Buchwald, and for sanctions against defense counsel. We have reviewed Marley's arguments and find them to be without merit. There was no abuse of discretion in the district court's denial of these three motions. *See, e.g., Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (motion to amend reviewed for abuse of discretion); *United States v. Diaz*, 176 F.3d 52, 112 (2d Cir.1999) (recusal motion reviewed for abuse of discretion); *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 154 (2d Cir.1997) (motion for sanctions reviewed for abuse of discretion).

We have considered all of Marley's other arguments and found them similarly unpersuasive. For the reasons stated above, the judgment of the district court is AFFIRMED.